# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CODY MITCHELL BESCH,** | ) |
| Petitioner, | ) Case No. 7:19CV00018 |
| v. | ) **OPINION** |
| **STAN YOUNG, WARDEN,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Joseph A. Sanzone, Sanzone & Baker, L.L.P., Lynchburg, Virginia, for Petitioner; Christopher P. Schandevel, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for the Respondent.*

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Cody Mitchell Besch, through counsel, contends that his confinement pursuant to a 2016 judgment entered by a Virginia state court is unconstitutional.[1] Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted.

I. BACKGROUND.

Besch was convicted after a bench trial in the Rockbridge County Circuit Court of possession of a firearm by a convicted felon and other charges. On November 8, 2016, the trial court sentenced Besch to an aggregate sentence, but suspended a portion of it, for a total active sentence of seven years in prison. Besch

---

[1] The petition states that Besch is "currently being held in Texas." Pet. 2, ECF No. 1. The respondent provides evidence demonstrating that Besch has been confined at a Virginia Department of Corrections facility since March 31, 2017.

moved unsuccessfully to set aside the verdict or, in the alternative, grant a new trial. The sentence for possession of a firearm by a convicted felon is five years.

Besch appealed that conviction to the Court of Appeals of Virginia. He argued that the predicate felony convictions were not lawful and were thus not admissible against him at trial.[2] The court of appeals denied his petition for appeal and the Supreme Court of Virginia refused his subsequent appeal. Besch has not filed a state habeas corpus petition.

In January of 2019, through counsel, Besch filed the Petition for a Writ of Habeas Corpus[3] in this court, challenging the validity of his detention on the following grounds:

(1) The trial court erred by admitting into evidence inadmissible prior conviction orders in violation of Besch's Sixth and Fourteenth Amendment rights, his rights at common law, and the applicable Virginia statutes; and

(2) The trial court erred by convicting Besch of being a felon in possession of a firearm without sufficient proof that the underlying felony convictions were lawful.

---

[2] Besch refers to his Texas conviction, but the record reflects that multiple conviction orders were admitted in the Rockbridge County Circuit Court as evidence of his status as a convicted felon.

[3] Counsel styled the pleading as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The court construed the petition as one arising under 28 U.S.C. § 2254 because the petition challenges the validity of Besch's confinement for a Virginia conviction. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (holding that however a state prisoner styles his federal habeas petition, the court should treat it as a petition for relief under 28 U.S.C. § 2254).

Pet. 3–4, ECF No. 1. The respondent has filed a Motion to Dismiss,[4] which I find to be ripe for disposition.

## II. Discussion.

Under 28 U.S.C. § 2254(d), the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d);[5] *see also Williams v. Taylor*, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively

---

[4] The Motion to Dismiss argues that the petition should be dismissed because neither Besch nor counsel properly verified it. That defect was thereafter corrected when Besch submitted a verified copy of the petition. *Aldarondo v. Supreme Court of P.R.*, 369 F. Supp. 1173, 1175-76 (D.P.R. 1974) (noting that the petitioner had cured the "initial defect in his [habeas] petition" by filing the "required verification under oath"). Therefore, I will address only the respondent's arguments that Besch's claims are without merit.

[5] "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1). The respondent admits that Besch has exhausted his state court remedies as to the claims in this case by raising them to the Court of Appeals of Virginia and the Supreme Court of Virginia on direct appeal.

unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).[6]

In addressing Besch's claims, the Court of Appeals of Virginia found the following facts:

> At trial, the Commonwealth introduced three certified felony conviction orders from Colorado County, Texas. All three orders were dated January 22, 2013 and included convictions for burglary, theft, and theft of a firearm. Each order included a checked box indicating "Defendant appeared in person with counsel." At trial, appellant admitted that he had been convicted of the three offenses and that he served approximately two years in prison. However, he claimed that he was not present at the hearing which resulted in the final conviction orders.

Mem. Supp. Mot. Dismiss Ex. 5, at 1-2, ECF No. 8-5. The court of appeals noted that Besch did not challenge the authenticity, relevance, or probativeness of the conviction orders, but merely their admission and use as evidence to convict him. Citing Virginia court decisions, the court stated that

> the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears. Here, the certified conviction orders specifically indicate [Besch] was present with counsel. A court speaks through its orders and those orders are presumed to accurately reflect what transpired.

---

[6] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

*Id.* at 3. Ultimately, the court of appeals found no abuse of discretion by the trial court in admitting the conviction orders or in finding them credible, competent, and sufficient evidence to prove Besch's status as a felon at the time of his Virginia offenses.[7]

A federal writ is not available for alleged error in the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. Therefore, to the extent that Besch rests his claims for relief on Virginia statutes, common law, or rules regarding the admissibility of particular evidence, he fails to show any ground for federal relief under § 2254.

Furthermore, the United States Supreme Court has not announced a constitutional rule prohibiting Besch's continued confinement under his conviction as a felon in possession of a firearm merely because the predicate felony conviction might be subject to collateral attack on constitutional grounds. On the contrary, the Supreme Court has held that the federal statutory prohibition on firearm possession by felons can lawfully be based on a felony conviction that

---

[7] Because the Supreme Court of Virginia summarily refused Besch's petition for appeal, the Court of Appeals' reasoning controls and is the subject of my review under § 2254(d). *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018); *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

"ultimately might turn out to be invalid for any reason." *Lewis v. United States*, 445 U.S. 55, 62 (1980). The Court found that to avoid a conviction for violating the federal prohibition, a felon must "clear his status before obtaining a firearm." *Id.* at 64. The Court also held that this ruling was not inconsistent with earlier decisions finding that the Sixth Amendment prohibits the use of uncounseled prior convictions (the same defect in *Lewis*) to support guilt or enhance punishment for other types of offenses. *Id.* at 65-67; *see, e.g., Burgett v. Texas*, 389 U.S. 109, 115 (1967). Without a clear holding from the United States Supreme Court under which the state court's disposition of Besch's habeas claims was unreasonable, federal habeas relief is not available to him. *See Claxton v. Brannon*, No. 18 CV 2938, 2019 WL 296554, at *2 (N.D. Ill. Jan. 23, 2019), appeal dismissed, No. 19-1226, 2019 WL 3564711 (7th Cir. May 16, 2019) (rejecting § 2254 claim from state prisoner whose predicate felony conviction was based on a statute later found to violate the Second Amendment, because the predicate felony conviction "had not been invalidated or expunged at the time of [petitioner]s subsequent possession of a firearm").[8] In other words, because "the United States Supreme Court has never addressed a case like this one — factually or legally — the state-court decision was not unreasonable." *Id.* at 1.

---

[8] The *Claxton* court also rejected the § 2254 claim as a state law issue, stating that "[w]hether the felon-status element of unlawful use of a weapon by a felon may be proven by the fact of a then-valid conviction on a later voided statute is a state-law question." 2019 WL 296554 at *1.

III. CONCLUSION.

For the stated reasons, I conclude that Besch's claims for relief are without merit under § 2254(d). Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: September 18, 2019

/s/ James P. Jones
United States District Judge